UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM GRAMES, BROOKE
GRAMES, CRAIG B. DICKIE, CYNTHIA
D. DICKIE, JUDY H. JOHNSON, JAMES
KOSTAN, DIANE KOSTAN, PATRICK J.
LOYET and LISA A. LOYET,

    Plaintiffs,

v.                                                                      Case No: 8:20-cv-739-T-36CPT

SARASOTA COUNTY, FLORIDA, ANN
D. BEGEMAN, PATRICK J. FUCHS,
MARTIN J. OBERMAN and SURFACE
TRANSPORTATION BOARD,

    Defendants.
_____/

## **O R D E R**

This matter comes before the Court upon Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction Against Sarasota County, Florida and Memorandum in Support (Doc. 2), and Plaintiffs' Motion to Hold the Hearing on Plaintiffs' Motion for a Temporary Restraining Order by Telephone or Video Conference (Doc. 3). In the Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiffs request that the Court issue a temporary restraining order and preliminary injunction directing Sarasota County, Florida not to demolish or remove any existing structure or improvement from any owners' property, nor to trespass on these owners' private property and to not impose any fine or penalty upon any owner until this Court has resolved Plaintiffs' claims regarding legal and title issues. Doc. 2 at 3. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiffs' Motion without prejudice to Plaintiffs filing a Motion for Preliminary Injunction that complies with this court's Local Rules and the Federal Rules of Civil Procedure.

I.  **FACTUAL BACKGROUND**[1]

Plaintiffs are landowners who seek to prevent demolition of existing improvements to real property by Sarasota County and be compensated for a purported taking of their real property. In pursuit of this endeavor, Plaintiffs filed the Complaint in this putative class action as well as the instant Motion for Temporary Restraining Order and Preliminary Injunction. Docs. 1-2.

In the Complaint, Plaintiffs allege that they are landowners whose predecessors-in-interest to the real property at issue in this action granted the Seaboard Railway a right-of-way easement to build and operate a railroad across a strip of land from Sarasota to Venice. *Id.* ¶ 11; *see also* doc. 1-1. The easement provided that should the railroad abandon the land for those purposes, the land would revert to the landowner. Doc. 1 ¶ 11.

By 2002, neither Seaboard Railway's successor to the easement, CSX Transportation, Inc. ("CSX"), nor CSX's lessee, Seminole Gulf Railway, L.P. ("Seminole Gulf"), operated a railroad over the land and they no longer had a need for the easement. *Id.* ¶¶ 15-16. Accordingly, in March 2019, Seminole Gulf requested the Surface Transportation Board allow it to abandon a 7.68-mile segment of rail line between milepost 890.29 on the north side of Ashton Road and milepost SW 884.70, and between milepost 930.30 and milepost 928.21 on the north side of State Highway 780. *Id.* ¶ 17; *see also* doc. 1-2. In the request, Seminole Gulf explained that no local or overhead traffic had moved over the area for more than ten years. Doc. 1 ¶ 18.

In response to Seminole Gulf's abandonment request, Sarasota County asked the Surface Transportation Board to invoke section 8(d) of the Trails Act and authorize Seminole Gulf and CSX to transfer the right-of-way to Sarasota County to build a public recreational trail. *Id.* ¶ 20.

---

[1] The Background is based on the facts as alleged in Plaintiffs' Motion, including the attached exhibits, as well as the Complaint and its attachments.

In May 2019, the Surface Transportation Board issued a Notice of Interim Trail Use or Abandonment (NITU) invoking section 8(d) of the Trails Act. *Id.* ¶ 22.

As a result of the NITU, Sarasota County sent letters to almost 300 landowners stating that improvements to the property, including pools, septic fields, fences, and sheds, encroached upon the disputed property that Sarasota County claimed to own. *Id.* ¶ 27. Sarasota County threatened to enter the property, remove the improvements, dump the debris on the owners' land, and issue citations demanding reimbursement for the cost of demolition. *Id.*

Based on these facts, Plaintiffs filed the instant action alleging six claims. In Count I of the Complaint, Plaintiffs request the Court to declare the rights and other legal relations of the Plaintiffs, Sarasota County, and the federal government Surface Transportation Board regarding the parties' rights to use the land and the physical dimensions of the rail-trail right-of-way easement established under the federal Trails Act. *Id.* ¶ 110. Count II is a quiet title claim asking the court to resolve the clouds impairing titles to the property at issue. *Id.* ¶¶ 111-113. Count III requests injunctive relief to enforce the declaratory judgment or quiet title decree sought by Counts I and II. *Id.* ¶¶ 114-120. In this Count, Plaintiffs ask the Court to enjoin Sarasota County from ordering, threatening, or physically removing or destroying any improvements and structures that the County contends encroach upon the disputed easement established by the Surface Transportation Board. *Id.* ¶ 116. Count IV requests compensation under the Fifth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983. *Id.* ¶¶ 121-125. Count V seeks damages under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c) and 4628. *Id.* ¶¶ 126-130. Finally, Count VI is a supplemental state claim requesting full compensation under Article X, section 6 of the Florida Constitution. *Id.* ¶¶ 131-136.

Plaintiffs also previously filed litigation regarding this purported taking in the Court of Federal Claims. *Id.* ¶ 25. They filed the instant litigation because that court lacks jurisdiction over Sarasota County and has no authority to enter the relief requested by this action. *Id.* ¶ 26.

Simultaneously with filing the Complaint in this case, Plaintiffs filed the instant Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2). In the Motion, Plaintiffs assert that within the past two weeks, Sarasota County sent letters demanding that they demolish the existing improvements by March 30, and stating that should Plaintiffs and other landowners fail to do so, Sarasota will demolish the structures and bill Plaintiffs and other landowners for the cost of doing so. *Id.* at 2. Plaintiffs request both a temporary restraining order and preliminary injunction directing Sarasota County not to demolish or remove any existing structure or improvement from their property, not to trespass on the property, and not to impose any fine or penalty on Plaintiffs and other landowners until the Court has resolved Plaintiffs' claims. *Id.*

In support of this requested relief, Plaintiffs argue that they are likely to succeed on the merits, an injunction is necessary to avoid irreparable harm and preserve the status quo until a decision on the merits is reached, the balance of hardships weighs in favor of an injunction, and an injunction is in the public interest. *Id.* at 15-24. In arguing that they will suffer irreparable harm, Plaintiffs state that "[u]nconstitutional state action alone is enough to create a presumption of irreparable harm." *Id.* at 23 (citing *United States v. Arizona*, 641 F.3d 339, 366 (9th Cir. 2011)). Additionally, they assert that "courts treat real property as unique and the loss of real estate faces a lower bar in terms of proving irreparable injury." *Id.* (citing *Johnson v. United States Dep't of Agric.*, 734 F.2d 774, 789 (11th Cir. 1984)). Therefore, because Sarasota County's actions are purportedly unconstitutional state action and threatens unique real property, Plaintiffs assert that irreparable harm is present. *Id.*

The Motion does not indicate that the relief sought by Plaintiffs is ex parte, nor does it address why ex parte relief is necessary. Additionally, the Complaint is not verified, and no affidavits were provided to support the Motion's assertion that Plaintiffs are threatened with irreparable injury that is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible. The Motion also does not address the issue of security, as required by Local Rule 4.05(b) and Federal Rule of Civil Procedure 65(c).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 65(b)(1) authorizes the court to issue a temporary restraining order where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." However, a temporary restraining order "is an extraordinary remedy to be granted only under exceptional circumstances." *Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1186 (N.D. Ala. 2011) (citing *Sampson v. Murray*, 415 U.S. 61 (1974)).

To obtain a temporary restraining order, a movant must show: (1) a substantial likelihood of success on the merits; (2) an irreparable injury in the absence of the requested injunction; (3) a threatened injury that exceeds any injury to the non-moving party caused by the injunction; and (4) that public policy favors such an order. *Dimare Ruskin, Inc. v. Del Campo Fresh, Inc.*, No. 8:10-cv-1332-T-23AEP, 2010 WL 2465158, at *1 (M.D. Fla. June 15, 2010) (citing *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003)); *see also* M.D. Fla. L.R. 4.05(b)(4) (requiring a party requesting a temporary restraining order to submit a brief or memorandum addressing these factors).

5

In addition, Local Rule 4.05(b)(3), Middle District of Florida, requires that a motion for a temporary restraining order: (1) describe precisely the conduct sought to be enjoined; (2) set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c); (3) be accompanied by a proposed form of temporary restraining order prepared in strict accordance with the several requirements contained in Rule 65(b) and (d); and (4) be accompanied by a supporting legal memorandum or brief. *See* M.D. Fla. L.R. 4.05(b)(3). Additionally, the Local Rules provide that a motion for temporary restraining order must demonstrate that the movant's anticipated injury "is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." *Id.* at 4.05(b)(2).

## III. DISCUSSION

The extraordinary remedy of an ex parte temporary restraining order is not warranted in this case. Plaintiffs have not clearly shown that immediate and irreparable injury will result before Defendants can be heard in opposition, nor that injury is so imminent that notice and a hearing is impractical, if not impossible. Moreover, Plaintiffs failed to comply with the strict requirements for an application for a temporary restraining order.

Local Rule 4.05(b)(2) requires an applicant for a temporary restraining order to support his or her motion "by allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." Federal Rule of Civil Procedure 65(b) contains similar requirements. Plaintiffs did not comply with these requirements and this reason alone is a basis for denial of their request for a temporary restraining order.

Additionally, this Court has previously determined that a plaintiff cannot establish the threat of irreparable injury sufficient to warrant entry of an *ex parte* temporary restraining order where the emergency nature of the motion is caused by the plaintiff's own delay. "Delay in seeking a TRO undercuts the proposition that there is a threat of irreparable injury." *Allstate Ins. Co. v. Gardner*, No. 6:14-CV-681-ORL-31GJK, 2014 WL 12575828, at *2 (M.D. Fla. May 2, 2014); *see also Carol King Landscaping Maint., Inc. v. Acosta*, No. 2:19-cv-453-FtM-99UAM, 2019 WL 3755024, at *2 (M.D. Fla. July 2, 2019) (denying an *ex parte* motion for temporary restraining order where the plaintiff knew of a policy implementation date in March, but did not file the motion until the implementation date in July).

Here, the evidence submitted by Plaintiffs demonstrates that property owners were notified several times beginning on December 9, 2019 that their "encroachments" were "extending beyond the legal boundaries onto the neighboring Sarasota County-owned Legacy Trail," and that the purported encroachments "must be removed from the Legacy Trail by February 7, 2020 as construction of the Legacy Trail extension is expected to begin mid-2020." Doc. 2-5 at 2. The property owners were advised that they should "ensure compliance with this request by the aforementioned date to avoid any further actions." *Id.*; *see also id.* at 3-43. Subsequent communications advised that the "encroachments- must be removed by March 16, 2020" because "[c]onstruction on the Legacy Trail extension is expected to begin mid-2020 and the encroachment impedes our ability to do so." *Id.* at 110.

Plaintiffs provide no reason for their delay between December and March in seeking injunctive relief. Thus, to the extent that there is an emergency, it was created by Plaintiffs. Such facts do not demonstrate an injury so immediate and irreparable that action must be taken before Defendants can be heard in opposition. *Callaghan v. United States Ctr. for Safe Sport*, No. 2:18-

cv-336-FtM-99MRM, 2018 WL 2215229, at *2 (M.D. Fla. May 14, 2018) (stating that *ex parte* injunctive relief was not warranted where the plaintiff had two months' notice of the event he sought to halt and provided no explanation for the delay).

Plaintiffs also have not shown an irreparable harm that is so imminent as to warrant a temporary restraining order. Plaintiffs rely on the alleged unconstitutional state action and the unique nature of property in asserting that they will suffer irreparable harm. Doc. 2 at 22-23. They do not address, however, the imminence of the purported irreparable harm. Indeed, all but one of the cases relied on by Plaintiffs concern preliminary or permanent injunctions, and not temporary restraining orders, and therefore do not address the imminence of harm. *United States v. Arizona*, 641 F.3d 339, 343 (9th Cir. 2011) (reviewing an order granting a motion for preliminary injunction and enjoining the enforcement of an Arizona law on the basis that it was preempted by federal law), *aff'd in part, rev'd in part and remanded*, 567 U.S. 387 (2012); *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1263 (11th Cir. 2006) (reviewing the entry of a permanent injunction barring a city from enforcing an ordinance that violated the First Amendment to the United States Constitution); *Johnson v. U.S. Dept. of Agric.*, 734 F.2d 774, 775 (11th Cir. 1984) (reversing an order that denied a motion for preliminary injunction that sought to prevent non-judicial foreclosure of real property); *Kim v. Summit & Crowne Capital Partners, LLC*, 8:18-CV-2982-T-17SPF, 2019 WL 3854782, at *1 (M.D. Fla. June 3, 2019) (recommending denial of a motion for preliminary injunction pertaining to the foreclosure of real property, and recognizing that a prior motion for temporary injunction had been denied for failure to meet the requirements of Rule 65(b) and Local Rule 4.05(b)). In the sole case relied on by Plaintiffs in their discussion of irreparable harm that involves a motion for temporary restraining order, the United States District Court for the Northern District of Georgia recognized that "[t]he Court is authorized to grant extraordinary

injunctive relief provided by a TRO only when the high standards for such relief have been met." *Kharazmi v. Bank of Am., N.A.*, 1:11-CV-2933-AT, 2011 WL 13221071, at *2 (N.D. Ga. Sept. 2, 2011). There, the plaintiff "submitted a written statement certifying his efforts to notify Defendants of the Court hearing and his pending complaint and request for emergency injunctive relief," as well as a "verified complaint [that] contain[ed] a series of specific factual allegations in support of his claim that [the defendant was] not the actual, lawful owner of the mortgage for the property at issue." *Id.* Plaintiffs here have not met these requirements. Accordingly, Plaintiffs have not met the high standards required for the extraordinary relief of a temporary restraining order.

Additionally, Plaintiffs failed to address the issue of security, another requirement of both Local Rule 4.05(b) and Federal Rule of Civil Procedure 65. *See* L.R. 4.05(b)(3) (stating that a motion for temporary restraining order should "set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c), Fed. R. Civ. P."); *see also* Fed. R. Civ. P. 65(c) ("The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."). Because of this, the Court does not have sufficient facts to issue a temporary restraining order that complies with the Local Rules or the Federal Rules of Civil Procedure.

Finally, Rule 65 requires that before an *ex parte* temporary restraining order be entered, the movant's attorney certify "in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Here, Plaintiffs' attorney provides no such

certification. Accordingly, because Plaintiffs fail to comply with the pertinent requirements for entry of a temporary restraining order, Plaintiffs' motion will be denied. Accordingly, it is

**ORDERED**:

1. Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction Against Sarasota County, Florida and Memorandum in Support (Doc. 2) is **DENIED,** without prejudice, to Plaintiffs filing a Motion for Preliminary Injunction that complies with this court's Local Rules and the Federal Rules of Civil Procedure. Additionally, Plaintiffs must serve Defendants with this action, before a hearing will be scheduled on a motion for preliminary injunction.

2. Plaintiffs' Motion to Hold the Hearing on Plaintiffs' Motion for a Temporary Restraining Order by Telephone or Video Conference (Doc. 3) is **DENIED,** as moot.

**DONE AND ORDERED** in Tampa, Florida on March 31, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any