UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM GRAMES, et al.,

    Plaintiffs,

v.                                                    Case No: 8:20-cv-739-T-36CPT

SARASOTA COUNTY, FLORIDA,
et al.,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court on Plaintiffs' Motion for Temporary Restraining Order (with notice) Pending Judgment on Plaintiffs' August 27, 2020 Renewed Motion for Preliminary Injunction Against Sarasota County, Florida (Doc. 59), Sarasota County's response in opposition (Doc. 62), and Plaintiffs' reply (Doc. 65).  This is Plaintiffs' second request for a temporary restraining order.  By their motion, Plaintiffs request entry of an order prohibiting Sarasota County from removing or demolishing any property of the named Plaintiffs and that of the putative class until a ruling is issued on Plaintiffs' anticipated (to be filed by August 27, 2020) third motion for preliminary injunction.  Because the Court finds Plaintiffs cannot demonstrate that an irreparable injury exists, the motion is due to be denied.

**FACTS AND PROCEDURAL BACKGROUND**

This is a rails-to-trails case involving a dispute between the Plaintiff landowners and Defendant Sarasota County regarding Sarasota County's intention to build a public recreational trail on a railroad right-of-way.  Doc. 1.  Plaintiffs, William Grames, Brooke Grames, Craig B. Dickie, Cynthia D. Dickie, Judy H. Johnson, James Kostan, Dianne Kostan, Patrick J. Loyet, and Lisa A. Loyet, initiated this lawsuit on behalf of themselves and a putative class of hundreds of

landowners who seek to prevent Sarasota County from demolishing existing improvements to their real property and seek compensation for a purported taking of their real property. *Id.*

In the Complaint, Plaintiffs allege that their predecessors-in-interest to the real property at issue in this action granted the Seaboard Railway a right-of-way easement to build and operate a railroad across a strip of land from Sarasota to Venice. *Id.* ¶ 11; *see also* Doc. 1-1. Plaintiffs allege the easement provided that should the railroad abandon the land for those purposes, the land would revert to the landowner. Doc. 1 ¶ 11.

By 2002, neither Seaboard Railway's successor to the easement, CSX Transportation, Inc. ("CSX"), nor CSX's lessee, Seminole Gulf Railway, L.P. ("Seminole Gulf"), operated a railroad over the land and they no longer had a need for the easement. *Id.* ¶¶ 15-16. Accordingly, in March 2019, Seminole Gulf requested the Surface Transportation Board allow it to abandon a 7.68-mile segment of rail line between milepost 890.29 on the north side of Ashton Road and milepost SW 884.70, and between milepost 930.30 and milepost 928.21 on the north side of State Highway 780. *Id.* ¶ 17; *see also* doc. 1-2. In the request, Seminole Gulf explained that no local or overhead traffic had moved over the area for more than ten years. Doc. 1 ¶ 18.

In response to Seminole Gulf's abandonment request, Sarasota County asked the Surface Transportation Board to invoke section 8(d) of the Trails Act and authorize Seminole Gulf and CSX to transfer the right-of-way to Sarasota County to build a public recreational trail. *Id.* ¶ 20. In May 2019, the Surface Transportation Board issued a Notice of Interim Trail Use or Abandonment (NITU) invoking section 8(d) of the Trails Act. *Id.* ¶ 22.

As a result of the NITU, Sarasota County sent letters to almost 300 landowners stating that improvements to the property, including pools, septic fields, fences, and sheds, encroached upon the disputed property that Sarasota County claimed to own. *Id.* ¶ 27. Sarasota County threatened

to enter the property, remove the improvements, dump the debris on the owners' land, and issue citations demanding reimbursement for the cost of demolition. *Id.*

Based on these facts, Plaintiffs filed the instant action on March 30, 2020, alleging six claims. In Count I of the Complaint, Plaintiffs request the Court to declare the rights and other legal relations of the Plaintiffs, Sarasota County, and the Federal Government Surface Transportation Board regarding the parties' rights to use the land and the physical dimensions of the rail-trail right-of-way easement established under the federal Trails Act. *Id.* ¶ 110. Count II is a quiet title claim asking the court to resolve the clouds impairing titles to the property at issue. *Id.* ¶¶ 111-113. Count III requests injunctive relief to enforce the declaratory judgment or quiet title decree sought by Counts I and II. *Id.* ¶¶ 114-120. In this Count, Plaintiffs ask the Court to enjoin Sarasota County from ordering, threatening, or physically removing or destroying any improvements and structures that the County contends encroach upon the disputed easement established by the Surface Transportation Board. *Id.* ¶ 116. Count IV requests compensation under the Fifth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983. *Id.* ¶¶ 121-125. Count V seeks damages under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c) and 4628. *Id.* ¶¶ 126-130. Finally, Count VI is a supplemental state claim requesting full compensation under Article X, section 6 of the Florida Constitution. *Id.* ¶¶ 131-136.

Plaintiffs also previously filed litigation against the United States regarding this purported taking in the Court of Federal Claims. *Id.* ¶ 25.[1] Plaintiffs filed the instant litigation because the

---

[1] Landowners whose property is in the southern segment of the Legacy Trail and who sued the federal government in separate Court of Federal Claims actions were paid by the government in connection with the alleged taking. Doc. 1 ¶ 25. Another action is also pending in the Court of Federal Claims litigation related to the second segment of the Legacy Trail. *Id.*

Court of Federal Claims lacks jurisdiction over Sarasota County and has no authority to enter the declaratory and injunctive relief requested by this action. *Id.* ¶ 26.

Simultaneous with filing the Complaint, Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2). The Court denied Plaintiffs' motion for temporary restraining order (TRO) on March 31, 2020, without prejudice to Plaintiffs filing a motion for preliminary injunction. Doc. 10. In denying the Plaintiffs' motion for TRO, the Court found that despite the landowners being notified in December 2019 that their "encroachments" were "extending beyond the legal boundaries onto the neighboring Sarasota County-owned Legacy Trail" and that the landowners were told the encroachments needed to be moved by February 7, 2020, Plaintiffs did not file their lawsuit and TRO motion until March 2020. Plaintiffs provided no explanation for the delay between December and March in seeking injunctive relief. As such, the Court concluded these facts did not demonstrate an injury so immediate and irreparable to warrant the relief sought.

Plaintiffs filed a Motion for Preliminary Injunction on April 9, 2020, claiming that nearly 300 landowners received demands from Sarasota County for the demolition of existing structures, including fences, swimming pools, sheds, warehouses, and other improvements on their property on the basis that these improvements encroach on the federal rail-trial corridor Sarasota County plans to build upon as an extension of the Legacy Trail. Doc. 18 at 1–2. Sarasota County purportedly trespassed on Plaintiffs' lands and posted signs demanding the structures be removed by March 30 or Sarasota County will demolish the structures and bill the owners for the cost. *Id.* at 2. The motion requests a preliminary injunction precluding Sarasota County from demolishing or removing any structure until the Court resolves the title ownership dispute related to reversion of the previously granted easement to the Plaintiffs following the Railway's abandonment of the

4

property, the Government's subsequent taking for the Legacy Trail, and the claimed ownership by Sarasota County.

The Motion for Preliminary Injunction was referred to the Magistrate Judge (Doc. 19), who scheduled a status conference on Plaintiffs' motion for June 4, 2020. Doc. 28. On June 2, 2020, Plaintiffs filed a motion requesting the Court stay consideration of Plaintiffs' motion for preliminary injunction because the parties were working cooperatively to resolve the issue. Doc. 30. The status conference proceeded on June 4, 2020, after which the Magistrate Judge denied the motion for preliminary injunction without prejudice upon agreement of the parties and with the understanding the parties were going to continue to try to amicably resolve the case. Docs. 37, 39.

On July 23, 2020, Plaintiffs filed a Renewed Motion for Preliminary Injunction Against Sarasota County. Doc. 46. The motion represents that the landowners are "now closer to the danger of having their property destroyed by Sarasota County." *Id.* 1. Specifically, Sarasota County approved contracts for the removal of the landowners' improvements to the extent the improvements encroach on the subject easement. The motion references communications in which Plaintiffs sought clarification that no encroachments would be removed by Sarasota County's contractors until August 18. Given Sarasota County's failure to respond, Plaintiffs filed their renewed motion.

In its response in opposition filed August 6, 2020, Sarasota County argues that Plaintiffs' motion fails because they are unable to demonstrate irreparable harm because there is an adequate provision for obtaining just compensation. Doc. 53 at 3. Sarasota County directs the Court to the litigation filed by Plaintiffs in the Federal Claims Court in which the Federal Government admits there that a taking occurred and that just compensation will be provided. *Id.* at 4. Additionally,

5

Sarasota County argues Plaintiffs are not likely to succeed on the merits and the balance of harm weighs in favor of the County and the public interest.

On August 13, 2020, the Magistrate Judge conducted a nearly two-hour hearing on Plaintiffs' Renewed Motion for Preliminary Injunction. Docs. 54, 60. Because the parties failed to submit adequate declarations, the Magistrate Judge found there was insufficient information from both sides for the Court to resolve the motion. At the conclusion of the hearing, the parties agreed to continue discussions in an effort to resolve the issues. The Magistrate Judge, along with input from counsel, set a schedule for briefing on a third motion for preliminary injunction which Plaintiffs would file in the event an agreement could not be reached. Absent resolution, Plaintiffs' renewed motion is to be filed by August 27, 2020, with Defendants' responses due by September 3. Doc. 58. A hearing on the anticipated motion is scheduled for September 15, 2020. *Id.*

Five days after the hearing, Plaintiffs filed the instant motion. Doc. 59. Plaintiffs contend that although Sarasota County has agreed not to remove or demolish any structures on the named Plaintiffs' property, it has proceeded forward with entering the private property of putative class members, demolishing fences and removing other improvements. Plaintiffs urge a temporary restraining order is necessary to maintain the status quo until they can file their renewed motion for preliminary injunction on August 27, 2020, as discussed at the hearing on August 15. Sarasota County filed a response in opposition (Doc. 62), arguing Plaintiffs fail to demonstrate their harm is irreparable because it is undisputed "Plaintiffs would be entitled to compensation for removed improvements from the Federal Government and/or the County." *Id.* at 3.

Plaintiffs reply that they have not been paid any compensation and thus Sarasota County cannot come on their property and demolish fences and other existing improvements. Doc. 65. Plaintiffs complain Sarasota County has not initiated condemnation proceedings, and Sarasota

County is not a party to the Court of Federal Claims lawsuit. Thus, Plaintiffs argue the issue of the extent of Sarasota County's interest in the property can only be determined by this Court. And until the issue is decided, Plaintiffs contend Sarasota County has no right to trespass upon the Plaintiffs' land. The Court notes, however, that the Fifth Amendment does not require that compensation be paid before a taking occurs. *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1016 (1984).

Relevant to the dispute before the Court, several facts came to light at the August 15 hearing: Sarasota County was intending to move forward with the Legacy Trail project beginning August 17. Doc. 60 at 47. Further, Sarasota County represented that while it believed it acquired fee simple in the subject lands from the Federal Government, it acknowledged it was not seeking to claim any interest greater than what it had acquired from the Surface Transportation Board's invocation of the Federal Trails Act. Doc. 60 at 32 ("[T]he County is not going to take more than what they argued for from the Federal Government.") *see also* Doc. 60 at 37 ("[Plaintiffs] are going to be compensated and we have a route they can choose to go down to get this compensation. We've heard nothing today that indicates otherwise that they are not going to [be] compensated in some way, shape or form."). Sarasota County does not contest the Plaintiffs' right to compensation under the Fifth Amendment for the removal of the improvements. Doc. 60 at 58; *see also* Doc. 60 at 59 ("So they would be compensated either way, whether it be Federal Government or from the County or both.").

## DISCUSSION

Federal Rule of Civil Procedure 65(b)(1) authorizes the court to issue a temporary restraining order where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party

7

can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." However, a temporary restraining order "is an extraordinary remedy to be granted only under exceptional circumstances." *Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1186 (N.D. Ala. 2011) (citing *Sampson v. Murray*, 415 U.S. 61 (1974)).

To obtain a temporary restraining order, a movant must show: (1) a substantial likelihood of success on the merits; (2) an irreparable injury in the absence of the requested injunction; (3) a threatened injury that exceeds any injury to the non-moving party caused by the injunction; and (4) that public policy favors such an order. *Dimare Ruskin, Inc. v. Del Campo Fresh, Inc.*, No. 8:10-cv-1332-T-23AEP, 2010 WL 2465158, at *1 (M.D. Fla. June 15, 2010) (citing *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003)); *see also* M.D. Fla. L.R. 4.05(b)(4) (requiring a party requesting a temporary restraining order to submit a brief or memorandum addressing these factors).[2]

The extraordinary remedy of a temporary restraining order is not warranted in this case. As an initial matter, while Plaintiffs complain that Sarasota County has begun demolishing or removing improvements, it was apparent at last week's hearing that Sarasota County intended to begin clearing the land the week of August 17. Notwithstanding, the parties agreed to a proposed briefing schedule that extended into September. Thus, the imminence complained of is not apparent in the record. Review of the filings over the past three months reveals the parties'

---

[2] In addition, Local Rule 4.05(b)(3), Middle District of Florida, requires that a motion for a temporary restraining order: (1) describe precisely the conduct sought to be enjoined; (2) set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c); (3) be accompanied by a proposed form of temporary restraining order prepared in strict accordance with the several requirements contained in Rule 65(b) and (d); and (4) be accompanied by a supporting legal memorandum or brief. *See* M.D. Fla. L.R. 4.05(b)(3). Additionally, the Local Rules provide that a motion for temporary restraining order must demonstrate that the movant's anticipated injury "is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." *Id.* at 4.05(b)(2).

continued efforts to resolve their disputes, which the Court commends. However, Plaintiffs request for a stay in June and the repeated postponement and renewal of the motions for preliminary injunction underscore the lack of immediacy required for the imposition of a TRO.

Critically, the motion fails because Plaintiffs have not demonstrated their injuries are "irreparable." Plaintiffs have a pending lawsuit in the Court of Federal Claims seeking compensation for the taking that occurred here. Related lawsuits involving other sections of the Legacy Trail have already awarded compensation to those landowners. Sarasota County unequivocally stated at the August 15 hearing that Plaintiffs will be compensated by the Federal Government, the County, or both. Plaintiffs claim that because real property is unique, it faces a lower bar when proving an irreparable injury. However, the valuation of the encroaching improvements being removed can be quantified and remedied through money damages in an action at law. Thus, the Court finds no basis for a temporary restraining order where there is an adequate remedy for obtaining just compensation. Injunctive relief is not warranted or appropriate. *See Ruckelshaus*, 467 U.S. at 1016 ("Equitable relief is not available to enjoin an alleged taking of private property for a public use, duly authorized by law, when a suit for compensation can be brought against the sovereign subsequent to the taking."). Plaintiffs fail to satisfy the requirements to obtain a Temporary Restraining Order.

Accordingly, it is **ORDERED**:

1. Plaintiffs' Motion for Temporary Restraining Order (with Notice) Pending Judgment on Plaintiffs' August 27, 2020 Renewed Motion for Preliminary Injunction Against Sarasota County, Florida (Doc. 59) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on August 21, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record and Unrepresented Parties, if any