UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM GRAMES, BROOKE
GRAMES, CRAIG B. DICKIE, CYNTHIA
D. DICKIE, JUDY H. JOHNSON, JAMES
KOSTAN, DIANE KOSTAN, PATRICK J.
LOYET and LISA A. LOYET,

    Plaintiffs,

v.      Case No: 8:20-cv-739-T-36CPT

SARASOTA COUNTY, FLORIDA, ANN
D. BEGEMAN, PATRICK J. FUCHS,
MARTIN J. OBERMAN and SURFACE
TRANSPORTATION BOARD,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court on the Federal Defendants' Motion to Dismiss Plaintiffs' Complaint and Memorandum in Support (Doc. 48). In the motion, Defendants Ann D. Begeman, Patrick D. Fuchs, Martin J. Oberman, and the Surface Transportation Board (collectively "Federal Defendants") argue Plaintiffs' Complaint should be dismissed for lack of subject matter jurisdiction. The Federal Defendants seek dismissal with prejudice of the claims against them in Counts I and II of Plaintiffs' Complaint. Plaintiffs filed a response in opposition (Doc. 72). A hearing on the motion was held January 5, 2021. The Court, having considered the motion, heard argument of counsel, and being fully advised in the premises will grant the Federal Defendants' Motion to Dismiss Plaintiffs' Complaint and permit Plaintiffs leave to amend their Quiet Title Act claim in Count II.

I.   **BACKGROUND**[1]

This is a rails-to-trails case concerning a 7.68-mile line of railroad in Sarasota County, Florida that extended the Legacy Trail between Sarasota and Venice. The Legacy Trail is a public recreational trail and a rail-trail corridor easement the federal government "railbanked" under the National Trails System Act.[2] Plaintiffs, William and Brooke Grames, Craig B. and Cynthia D. Dickie, Judy H. Johnson, James and Diane Kostan, and Patricia J. and Lisa A. Loyet, (collectively "Plaintiffs") are Florida landowners who seek a declaration of the respective rights to their property and to enjoin Sarasota County from removing or demolishing their private property in order to build the northern extension of the Legacy Trail. In this putative class action, Plaintiffs sue, on behalf of themselves and all others similarly situated, the Federal Defendants and Sarasota County, Florida, in a six-count Complaint for declaratory relief, quiet title, injunctive relief, just compensation under the Fifth Amendment of the United States Constitution, damages under the Uniform Relocation Act, and compensation under Article X, Section 6 of the Florida Constitution. Doc. 1

---

[1] The following statement of facts is derived from Plaintiffs' Complaint (Doc. 1), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

[2] "The National Trails System Act Amendments of 1983 (Amendments), Pub. L. 98-11, 97 Stat. 48, to the National Trails System Act (Trails Act), Pub. L. 90-543, 82 Stat. 919 (codified, as amended, at 16 U.S.C. § 1241 *et seq*.), is the culmination of congressional efforts to preserve shrinking rail trackage by converting unused rights-of-way to recreational trails." *Preseault v. I.C.C.*, 494 U.S. 1, 5 (1990).

Plaintiffs' unconventional Complaint begins with a six-page explanation in unnumbered paragraphs summarizing the case facts, history of the property easements, and recitation of caselaw regarding Fifth Amendment takings, contrary to the federal rules of pleading. Doc. 1 at 1–6. In the background allegations, Plaintiffs allege that in the early 1900s much of the land now known as Sarasota County was owned by Bertha Palmer and members of her family, including her son Adrian Honore. Doc. 1, ¶ 9. In November 1910, Adrian Honore, the predecessor-in-interest to present-day landowners, granted Seaboard Air Line Railway a right-of-way easement across his land allowing Seaboard to build and operate a railway line from Sarasota to Venice. *Id.* ¶ 11. The easement provided if at any time the railroad abandoned the land for railroad purposes, the property would revert to Honore, his heirs or assigns. *Id.* The right-of-way easement Honore gave Seaboard ultimately was transferred to CSX Transportation ("CSXT"), which leased the railway line to Seminole Gulf Railway, L.P. ("Seminole Gulf"). *Id.* ¶ 15.

By 2002 CSXT and Seminole Gulf no longer operated a railroad over the land, nor had any need for the right-of-way. *Id.* ¶ 116. In March 2019, Seminole Gulf requested the Surface Transportation Board ("the Board") allow it to abandon the 7.68-mile segment of rail line between Sarasota and Venice. *Id.* ¶ 17. According to Seminole Gulf, no local or overhead traffic had moved over the line since prior to 2007. *Id.* ¶ 18. After the railroads told the Board they wanted to abandon the railway line, Sarasota County asked the Board to invoke section 8(d) of the Trails Act and authorize Seminole Gulf and CSXT to transfer the otherwise abandoned right-of-way

3

to Sarasota County so that Sarasota County could build a public recreational trail across these owners' land. *Id.* ¶ 20. Plaintiffs allege that Seminole Gulf and CSXT had no right to transfer or sell any interest the railroads had in the land, unless transferring to another railroad. *Id.* ¶ 21.

In May 2019, the Board issued an order called a Notice of Interim Trail Use ("NITU") invoking section 8(d) of the Trails Act, which provided that use of the right-of-way for trail purposes was to be subject to a possible future reconstruction and reactivation of the right-of-way for rail service ("railbanking"). *Id.* ¶ 22. This same Seaboard railroad right-of-way was subject to prior Trails Act litigation in the Court of Federal Claims and involved the southern section of the Legacy Trail. *Id.* ¶ 24.

The owners of the land taken for the northern extension – which is the subject of this litigation – have also instituted litigation in the Court of Federal Claims, *see 4023 Sawyer Road I, LLC v. United States*. *Id.* ¶ 25. Because the Court of Federal Claims has no jurisdiction over Sarasota County and can only award monetary damages, not injunctive relief, Plaintiffs filed the instant action in this Court. *Id.* ¶ 26.

In apparent reliance on the Board's invoking section 8(d), Sarasota County sent almost 300 landowners letters claiming their existing improvements, including pools, septic fields, fences, sheds, and other structures, encroached upon property claimed by Sarasota County for purposes of the recreational trail. *Id.* ¶ 27. Sarasota County, among others, claims that the Board retains jurisdiction over the rail-trial corridor, but that the Board has authorized Sarasota County to construct and operate a public recreational trail across Plaintiffs' land. *Id.* ¶ 28. Sarasota County adopted a public

bond to fund the cost, but such funds did not include compensating the owners for their land that was taken for the Legacy Trail. *Id.* ¶ 29. While compensation for private land takings for the Legacy Trail should be paid by the federal government, Plaintiffs allege that Sarasota County must compensate the landowners for any interest it takes that is greater than the interest taken by the Board. *Id.* ¶ 29.

Relevant to the instant motion, Plaintiffs sue the Federal Defendants in Counts I and II. Count I seeks a judgment declaring "the rights and other legal relations" of the Sarasota landowner Plaintiffs and the federal government Surface Transportation Board regarding these owners' private property, specifying the physical dimensions of the rail-trail right-of-way easement established under the federal Trails Act, and specifying Sarasota County's right to use this land. Doc. 1, ¶ 110. Plaintiffs allege that a controversy has arisen between the Plaintiff landowners and Sarasota County together with the Federal Defendants as to the rights and status of the parties. *Id.* ¶ 95.

On May 14, 2019, the Federal Defendants invoked Section 8(d) of the Trails Act and took property from Plaintiffs by encumbering their land with an easement for recreation and railbanking.[3] Doc. 1, ¶ 96. As a result, the federal government became obligated to pay the Plaintiff landowners. *Id.* ¶ 99. Plaintiffs allege that the Federal Defendants' invocation of section 8(d) of the Federal Trails Act granted Sarasota County the right to use Plaintiffs' land for a public recreational trail and the

---

[3] "Section 8(d) of the amended Trails Act provides that interim trail use 'shall not be treated, for any purposes of any law or rule of law, as an abandonment of the use of such rights-of-way for railroad purposes.'" *Preseault*, 494 U.S. at 8 (quoting 16 U.S.C. § 1247(d)).

responsibility to maintain the corridor for a possible future railroad line. *Id.* ¶ 102. Plaintiffs claim that although Sarasota County has the power of eminent domain to take private property without an owner's consent, Sarasota County is relying upon whatever authority it received by reason of the Federal Defendants' invocation of section 8(d) of the federal Trail Act. *Id.* ¶ 105. Plaintiffs assert that Sarasota County has demanded, without citing any authority to do so, that the putative class members remove improvements and structures from their private property for purposes of the recreational trail. *Id.* ¶ 106. By their declaratory judgment action, Plaintiffs seek a declaration of the parties' rights and other legal relations regarding the owners' private property, and specifically the extent of Sarasota County's right to use their land. *Id.* ¶ 110.

In Count II of Plaintiffs' Complaint, which consists of only three paragraphs and does not incorporate any of the background allegations, Plaintiffs sue all Defendants in a claim brought under the Quiet Title Act, 28 U.S.C. § 2409a. *Id.* ¶ 111. In pertinent part, § 2409a provides that the "United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest . . . ." 28 U.S.C. § 2409a(a). Plaintiffs allege the new rail-trail easement the federal government imposed across the Plaintiffs' property clouds and impairs the landowners' title to their property and takes property interests from them. Doc. 1, ¶ 112. Plaintiffs request the Court resolve the matter and quiet title to these owners' land and hold that Sarasota County does not possess the authority to demand that these owners remove or demolish improvements

6

on their property. *Id.* ¶ 113. Federal Defendants move to dismiss with prejudice all claims against them for lack of subject matter jurisdiction. Doc. 48.

## II.     LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction; Rule 12(b)(1) permits a facial or factual attack. *McElmurray v. Consol. Gov't of Augusta–Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). On a Rule 12(b)(1) facial attack, the court evaluates whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction" in the complaint and employs standards similar to those governing Rule 12(b)(6) review. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335 (11th Cir. 2013). A Rule 12(b)(1) factual attack, however, "challenge[s] the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (citation and internal quotation marks omitted). When the attack is factual, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* Therefore, "no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

## III.    DISCUSSION

In their motion to dismiss, the Federal Defendants argue this Court lacks subject matter jurisdiction over them because the United States has not waived its immunity

to a declaratory judgment claim. Rather, the Quiet Title Act, 28 U.S.C. § 2409a, provides the exclusive means to dispute real property where the United States is a defendant.[4] At the hearing and in their opposition brief, Plaintiffs treated the declaratory judgment and Quiet Title actions interchangeably. The Eleventh Circuit has explicitly stated, however, that the Quiet Title Act "provide[s] the exclusive means by which adverse claimants [can] challenge the United States' title to real property." *F.E.B. Corp. v. United States*, 818 F.3d 681, 685 (11th Cir. 2016) (quoting *Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 286 (1983)). Plaintiffs fail to offer any authority to support their contention that the United States has waived sovereign immunity as to Count I. Accordingly, Plaintiffs' claim for declaratory relief in Count I is due to be dismissed with prejudice as to the Federal Defendants.

Regarding Count II, the Federal Defendants argue Plaintiffs have not adequately pleaded any adverse interest with particularity as required by the express terms of the Quiet Title Act and therefore have not met their burden to show a waiver of sovereign immunity. The Quiet Title Act provides a limited waiver of sovereign immunity of the United States for the purposes of determining title to disputed property. *See* 28 U.S.C. § 2409a(a); *Block*, 461 U.S. at 276. To invoke the Quiet Title Act, a plaintiff must show the existence of a dispute "concerning the quality of title

---

[4] In their motion, the Federal Defendants also argue that in the event the Quiet Title action survives, the United States of America should be substituted as the properly named defendant in lieu of the Board and individual Board members. Doc. 48 at 25. In their response to the motion, Plaintiffs do not oppose naming the United States of America as Defendant. Doc. 72 at 20, n.18.

8

between the plaintiff and the United States." *McMaster v. United States*, 177 F.3d 936, 939 (11th Cir. 1999). In particular, the Act requires a complaint to "set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States." 28 U.S.C. § 2409a(d). Plaintiffs' allegations fall short. As a preliminary matter, Count II consists of only three paragraphs. The general background allegations were not incorporated into Count II and therefore may not be considered in response to the motion. For that reason alone, the motion is due to be granted.

But even if the Court were to consider the background facts as alleged by Plaintiffs, the allegations still fail to identify with particularity the right, title or real property interest claimed by the United States. The Court agrees with the Federal Defendants that Plaintiffs' claim that their titles are "clouded" does not satisfy the specific pleadings requirements of § 2409a(d) and is too vague to establish a waiver of sovereign immunity. The Federal Defendants cite to several opinions finding that the trail sponsor (Sarasota County here), and not the United States, holds the interest in the property. Doc. 48 at 19. Given the paucity of Plaintiffs' allegations in Count II, it is wholly unclear what, if any, interest Plaintiffs claim the United States holds in the subject property. Accordingly, Count II is due to be dismissed. However, because Quiet Title actions may be brought against the United States pursuant to 28 U.S.C. § 2409a, the Court will permit Plaintiffs the opportunity to amend their complaint to see if they are able to state such a claim.

Federal Defendants further urge that the United States is not a necessary party for Plaintiffs' Quiet Title Act claim or, at the least, Plaintiffs' claim should be dismissed as premature because Plaintiffs do not ask the Court to set aside or suspend, or otherwise challenge, any order of the Board. Thus, the Federal Defendants claim there is no justiciable controversy between Plaintiffs and the United States. To the extent that the Federal Defendants contend there must be a challenge to a specific Board order for a Quiet Title action to be ripe, the Court finds Defendants' reading of § 2409a to be too narrow. Notwithstanding, § 2409a permits a civil action to adjudicate a disputed title to real property in which the United States claims an interest. Plaintiffs have not identified the dispute vis-a-vis the United States, nor the interest claimed by the United States.

Accordingly, it is hereby

**ORDERED**:

1. Federal Defendants' Motion to Dismiss Plaintiffs' Complaint and Memorandum in Support (Doc. 48) is **GRANTED**.

2. Count I of Plaintiffs' Complaint is **DISMISSED with prejudice** as to the Federal Defendants. Count II of Plaintiffs' Complaint is **DISMISSED without prejudice,** as to the Federal Defendants. Plaintiffs are granted leave to file an Amended Complaint,[5] on or before **January 22, 2021**.

---

[5] Although the Federal Defendants' motion only addressed Counts I and II of the Complaint, Plaintiffs may amend the entire Complaint, as needed, so that it conforms to the pleading requirements of the Federal Rules of Civil Procedure.

3. Failure to file an Amended Complaint by the deadline will result in dismissal of Count II, as to the Federal Defendants, without further notice.

**DONE AND ORDERED** in Tampa, Florida on January 11, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any